CATES *et ux. v.* CITY OF MCKENZIE *et al.*.

(*Jackson*, April Term, 1940.)

Opinion filed June 13, 1940.

314

YANCEY CALDWELL, JR., of Paris, for complainants.

W. R. STOBBE, of McKenzie, and MADDOX, MADDOX & MADDOX, of Huntingdon, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill in this cause, in the nature of a petition for a writ of error *coram nobis*, sought a review and reversal of a judgment for taxes rendered in the same court and prayed for a *supersedeas*. Various grounds of relief were set forth in the bill, but these matters are immaterial on this appeal, the chancellor having dismissed the bill upon the ground that the application for the writ had not been made within one year after the rendition of the decree sought to be reviewed. This is the sole question.

The tax suit in which the decree was rendered was in the usual "omnibus bill" form, to which complainants, among others, were defendants. The decree in which tax liability against complainants, defendants in that proceeding, was adjudged, and a lien upon their property fixed and order of sale thereof made, was rendered on the 5th day of February, 1937. This proceeding

seeking a writ of error *coram nobis* was not begun until December 19, 1938.

Code, section 8972, reads as follows:

"The writ of error *coram nobis* may be had within one year from the rendition of the judgment, by petition presented to the judge at chambers or in open court, who may order it to operate as a *supersedeas* or not."

In *Elliott* v. *McNairy*, 60 Tenn. (1 Baxt.), 342, 344, it was held that this writ "can only be had within a year after the rendition of the original judgment." Other cases are to the same effect. *Cain* v. *Cocke,* 69 Tenn. (1 Lea), 288. The time of "rendition" is the time of announcement, "in a conclusive manner and with decisive effect," of a judgment, as distinguished from entry thereof, which may be a later date. *Jackson* v. *Jarratt et al.*, 165 Tenn., 76, 52 S. W. (2d), 137, 138. The statute expressly relates the running of the limitation to the time when the challenged judgment is "rendered," when the controverted issues are disposed of.

However, appellants insist that this decree of February 5, 1937, was not a final decree; that it ordered a sale of the property in enforcement of the lien, and that a subsequent decree entered on the 2nd day of August, 1938, confirming the report of sale, was the final decree, from which an appeal was permissible; that this being the final decree in the cause, the limitation of one year fixed by the statute within which the writ of *coram nobis* must be applied for runs from that date. The general expression in Gibson's Suits in Chancery, section 558, to the effect that a decree is not final which provides for an accounting, or a sale, or a partition, etc., and cases cited under that section, are relied on to sustain the insistence that the decree of August 2, 1938, is the final decree in

this cause, and it is urged that this is the date from which the one year limitation is to be computed.

■ It may be conceded that there is plausibility in this insistence, but, in the first place, we are inclined to the view that the decree of February 5, 1937, was a final decree—"the rendition of the judgment," in the meaning of this statute—since it terminated the litigation on the merits of the case and left nothing to be done, except the ministerial act of sale in enforcement of a specific lien fixed by statute. The rights of the parties were finally settled and it remained only to enforce the decree. Notes to Section 22, under Appeal and Error, Volume 2, American Jurisprudence, cite numerous expressions of the United States Supreme and other courts to this effect.

■ Moreover, it has been observed that the language of the statute is "within one year from the rendition of the judgment;" and a distinction may well be taken between the date of the rendition of a judgment and the date of a final decree in the technical sense. The intent of the statute was evidently to limit the right to proceed thereunder to one year from the time when the matters complained of in the petition for review had been considered and adjudicated, having in mind that such proceedings should be brought before such a lapse of time as would make it unlikely that witnesses could be reproduced and the facts correctly reviewed. The principle is the same as that applicable to statutes of limitation generally. We think it is apparent that the intention of the statute is to restrict the bringing of this proceeding to within one year from the time that the judgment that is sought to be reviewed was rendered. It is obvious that the matters sought to be reviewed in this case are those adjudicated in the decree of the chancellor entered on the 5th day of February, 1937, and not in the merely formal de-

cree of August 2, 1938, confirming the master's report of sale, to which no exceptions were filed and which was evidently a *pro forma* matter merely.

It results that there was no error in the decree of the chancellor dismissing the petition in this cause because filed too late, and his judgment is affirmed.